John J. Volin, #09880
Trucly D. Pham, #026088
JOHN JOSEPH VOLIN, P.C.
2033 East Warner Road, Suite 106
Tempe, AZ  85284
Phone:(480) 820-0800
Fax:(480) 820-3575
Email: joe@volinlaw.com
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>KIRAN SARDANA,<br><br>XXX-XX-9348,<br><br>      Debtor. | Case No: 2-08-bk-12830<br><br>FIRST AMENDED CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE |

Debtor proposes the following First Amended Chapter 13 Plan and Application for Payment of Administrative Expense:

1. **PROPERTY AND INCOME SUBMITTED TO THE PLAN.**  Debtor shall submit the following amounts of property and future income to the Trustee for distribution under the First Amended Plan.

    a. **FUTURE EARNINGS OR INCOME.** Debtor shall pay to the Trustee, on or before the 15th day of each month, commencing October 15, 2008, payments pursuant to the following schedule or until all claims of record are paid:

```
Months: 01-05     10/15/2008 to 02/15/2009         $   893.00
Months: 06-08     03/15/2009 to 05/15/2009              21.00
Months: 09-60     06/15/2009 to 09/15/2013             387.00
```

Debtor shall remit all payments on or before the stated due date each month.  When payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term.  Any funding shortfall must be cured before the Plan can be deemed completed.

b. **OTHER PROPERTY.** None. In the event other property is submitted to the Trustee, it shall be treated as supplemental payments under Paragraph 1(a) above.

2. **DURATION.** This Plan shall continue for **Sixty (60) months** from the first payment. <u>If at any time before the end of this period all allowed claims are paid in full, the Plan shall terminate</u>.

## CLAIMS

The First Amended Plan and this Order shall <u>not</u> constitute an informal proof of claim for <u>any</u> creditor. If a creditor files a secured claim in an amount less than the amount proposed in the First Amended Plan, the creditor will be paid the secured amount as set forth in its proof of claim.

3. **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below:

    a. **ADMINISTRATIVE EXPENSES.**

        (1) **Trustee's Fees:** The Chapter 13 Trustee shall receive such percentage fee as may periodically be fixed by the U.S. Attorney General pursuant to 28 U.S.C. Section 586(e), not to exceed 10 percent.

        (2) **Attorney's Fees:** A total of $2,000.00 shall be paid as an administrative expense prior to commencement of payments on any claims listed hereafter.

        The basic fee shall cover the following services: Representation in proceedings before the U.S. Bankruptcy Court to include interview and investigation of facts, counseling on alternative remedies available and consequences of bankruptcy, preparation and filing statements and schedules, and other initial papers including clerical services, representation at one section 341(a) meeting, representation at one confirmation hearing, and counseling and advice during the case up to a maximum of two hours of attorney time regarding the case, and up to one hour of attorney time for negotiation of agreements with secured creditors.

        The fees above will specifically not include the following: conversion of the case to a different chapter;

additional hearings, pleadings, or amendments required as a result of client(s) failure to provide sufficient information or appear as required; preparation of motions for plan modifications or plan moratoriums and court appearance for said motions; motions to approve post-petition debt(s); motion to sell estate property; representation of client(s) in a contested hearing including, but not limited to, motions to lift the automatic stay, objections to discharge, and motions to dismiss.  Fees for these services shall be billed at $200.00 per hour for attorney services and $75.00 per hour for legal assistant services.  Time will be billed in units of tenths of an hour and any portion of a tenth will be charged as a full tenth.  No additional fee will be collected without approval of the court.

      b.   **CLAIMS SECURED BY REAL PROPERTY.**  The following creditor(s) shall retain security interest in real property and the Trustee shall have no interest in or claim to the property securing the claim.  Regular monthly payments becoming due after the filing of the petition shall be made outside of this Plan.  No payment shall be deemed late and the agreement, which is the basis for a claim, shall not be deemed in default as a result of arrearages cured under this First Amended Plan.  The estimated arrearages listed below shall be adjusted to reflect the actual arrearage at the time of the confirmation.  Should creditor file an objection, based entirely on the arrearage figure which as stated above shall be adjusted to reflect the actual arrearage at the time of the confirmation, creditor accepts full responsibility for its own attorney fees in connection with the objection.  The arrearage as adjusted (including late charges) shall be cured prior to commencement of payment on claims listed hereafter.

      The Debtors' homesteaded exemption in real property may only be transferred, encumbered, or sold **subject to the Trustee's prior written approval.**

      The estimated arrears are as follows:

| CLAIMANT | SECURITY | ARREARS |
|---|---|---|
| Bank of America<br>PO Box 30480<br>Los Angeles, CA  90030 | 2300 S. Dragoon Dr.<br>Chandler, AZ  85286<br>Value:  $249,000.00 | $10,361.66 |

The junior security interest of Bank of America, Account No. 68171011343099, shall be and is hereby avoided as a wholly unsecured lien and any claim of said creditor shall be classified and paid as a general unsecured claim.  11 U.S.C. §1322; 11 U.S.C. §506; Bankruptcy Rule 3012; In re: Lamb, 211 B.R. 36 (Bap. 9th Circuit 1997); In re: Zimmer, 313 Fd. 2d. 1220 (9th Circuit 2002).  Confirmation of this First Amended Plan shall constitute a determination of value by the court under Bankruptcy Rule 3012 and 11 U.S.C. §506 that the lien of said creditor is wholly unsecured.

Service of this plan on said creditor shall constitute sufficient notice under Rule 3012 that valuation will take place.

Upon confirmation of this First Amended Plan the real property vests in Debtors free and clear of the wholly unsecured junior lien of Bank of America and Bank of America shall record a release and/or reconveyance of deed of trust with the county recorder of the county in which the real property is located.  The Stipulated Order Confirming First Amended Chapter 13 Plan and Approving Payment of Administrative Expense may also be recorded as a release and reconveyance of deed of trust.

c. **CLAIMS SECURED BY PERSONAL PROPERTY.**  The following shall retain their interest in property securing their claims.  They shall be paid the lesser of the debt balance or the value of the property securing their claim, plus the interest at the rate specified as a secured claim.  Upon payment of this amount, their security interest shall be released.  Any unpaid balance shall be classified and paid as an unsecured claim. Claims paid as secured shall be paid in full prior to commencement of payment on any claims listed thereafter.

Any claims not specifically named in this First Amended Plan are presumed to be unsecured claims. **Creditors, including, but not limited to Sears, Roebuck and Company, Montgomery Ward's, Radio Shack and/or J.C. Penney's Co., claiming secured status, shall serve a copy of said claim, proof of security interest, and an objection to the First Amended Plan upon Debtor's counsel no later than deadline in the Notice of Date to File Objections to First Amended Chapter 13 Plan and Application for Payment of Administrative Expense.**

If no objections, and/or proofs of claim are filed and served upon Debtor's counsel no later than the deadline in the Notice of Date to File Objections to First Amended Chapter 13 Plan and Application for Payment of Administrative Expense, claims not specifically named below, will be fully treated as other unsecured claims.

| CREDITOR/ SECURITY | CLAIM BALANCE/ VALUE OF SECURITY | INTEREST RATE | PAID AS: SECURED/ UNSECURED |
|---|---|---|---|
| Bank of America PO Box 538625 Atlanta, GA 30353 1999 Toyota Sienna | $2,118.66/ $2,090.00 | 5.59% | $2,118.66/ Claim to be paid in full with adequate protection payments of $21.00 per month |

    d.   **PRIORITY TAX CLAIMS.**

(1) The following priority tax claims shall be paid in full without post-petition interest. Payment on the priority tax claims shall begin after payment of administrative expenses and secured claims. All taxes not paid by the Plan, shall be discharged by these proceedings. Any liens held by therespective tax agencies will be deemed extinguished, and are to be released upon completion of this Plan.

| TAX AGENCY | TYPE OF TAX/ AMOUNT OF TAX | TAX PERIOD |
|---|---|---|
| Internal Revenue Service 210 E. Earll, Stop 5014PX Phoenix, AZ 85012 | Income Taxes/ $6,620.80 | 2005, 2006 |
| AZ Department of Revenue Bankruptcy & Litigation 1600 W. Monroe, Room 720 Phoenix AZ 85007-0000 | Income Taxes/ $707.67 | 2003, 2005 2006 |

(2) Debtors will initial the following correct response regarding filed/unfiled income tax returns:

             To the best of our knowledge and belief, we have filed all required income tax returns, both State and Federal.

_____

KS 2008 Extension Filed    To the best of our knowledge and belief, we have **NOT** filed all required income tax returns, both State and Federal. We are aware that any unfiled tax returns must be filed immediately or risk the dismissal of the Chapter 13 case.

_____

(3) The Chapter 13 Trustee is entitled to copies of the Debtor's income tax returns, both Federal and State, for the next two (2) years following the filing of the Chapter 13 Petition and Chapter 13 Plan.

    e. **CODEBTOR CLAIMS.** Codebtor claim to the following to be paid in full by this First Amended Plan, prior to general unsecured claims pursuant to 11 U.S.C. Section 362(a) and Section 1301.

| CREDITOR | AMOUNT OF CLAIM |
|---|---|
| Not Applicable | |

    f. **UNSECURED CLAIMS.** All other claims shall be classified as unsecured with any claims of security interests in property being avoided. Unsecured claims shall be paid the balance of payments under the First Amended Plan, prorata allowed in full satisfaction thereof, except for any disputed or rejected claims. Any amounts unpaid shall be discharged. The First Amended Chapter 13 Plan meets requirements of Code and achieves Chapter 7 reconciliation.

    g. **EDUCATIONAL LOANS.** Any and all educational loans listed below are to be paid in full.

| CREDITOR/SERVICING AGENT | AMOUNT |
|---|---|
| Not Applicable | |

   h. **SPECIAL CLASS OF UNSECURED CLAIMS.** Child support arrears listed below shall be paid in full prior to any payments to the unsecured creditors.

| CLAIMANT | AMOUNT |
|---|---|
| Not Applicable | |

 4. **OBJECTIONS.** Objections, by all creditors to the Plan, must be received by the deadline for the date to file objections to Plan set forth in the Notice of Date to File Objections to First Amended Plan & Certificate of Mailing. A copy of the Notice is on file with the Bankruptcy Court.

 5. **LIEN AVOIDANCE.** Debtors may elect to avoid the fixing of liens pursuant to Section 522(b) of the Bankruptcy Code. All secured creditors, except those whose liens are avoidable pursuant to the provisions of Section 522(b) shall retain their liens until paid as provided for by this Plan.

 6. **ASSUMPTION/REJECTION OF CLAIMS.** Debtors elect to assume the existing lease or contract with the creditors named in this paragraph.

| CREDITOR | PROPERTY |
|---|---|
| Not Applicable | |

 7. **EXCLUSION OF CREDITORS.** Notwithstanding any other provisions of this First Amended Plan, Debtors elect not to assume the existing lease or contract with the creditors named in this paragraph. These named creditors shall not be dealt with or provided for by this Plan.

| CREDITOR | PROPERTY |
|---|---|
| Not Applicable | |

8. **POST-PETITION CLAIMS.** Claims allowed for post-petition debts incurred by Debtor may be paid in full and in such order and on such terms as the Trustee, in his sole discretion, may determine. Trustee may file to dismiss this case, if the Debtors incur post-petition debts without the written consent of the Trustee and the Debtor's failure to keep such obligations current in payment.

9. **GENERAL PROVISIONS.** If this case is filed as a joint Debtors case, the Debtors' estate shall be fully consolidated for purposes of administration. Pursuant to Section 1322(b)(3) of the Bankruptcy Code, the Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in Debtors' payments to the Trustee under this First Amended Plan.

DATED this 12th day of June, 2009.

/s/ Kiran Sardana
Kiran Sardana


JOHN JOSEPH VOLIN, P.C.


/s/ JJV, #09880
John J. Volin, #09880
2033 East Warner Road
Suite 106
Tempe, AZ  85284
Attorney for Debtor

TOTAL DEBT AND ADMINISTRATIVE EXPENSES PROVIDED FOR BY THE PLAN

```
Debtor(s):     Kiran Sardana
Case Number:   2-08-bk-12830
Plan Length:   60 months
```

I. **THE CHAPTER 13 PLAN:**

| | | |
|---|---|---:|
| A. | Debtor's Unpaid Attorney Fees | $ 2,000.00 |
| B. | Priority Claims: | |
| | 1. Taxes | 7,328.47 |
| | 2. Other | 0.00 |
| C. | Payments to Cure Defaults | 10,361.66 |
| D. | Payments on Secured Claims | 2,446.07 |
| E. | Payments on Special Class | 0.00 |
| F. | Payments on Unsecured, Nonpriority Claims | 50.60 |
| G. | Subtotal | 22,186.80 |
| H. | Trustee's Compensation | 2,465.20 |
| **I.** | **Total of Plan Payments** | **$ 24,652.00** |

II. **CHAPTER 7 RECONCILIATION:**

| | | |
|---|---|---:|
| A. | Value of Debtor's Interest in Nonexempt Property | $ 172.39 |
| B. | Value of Property Recoverable Under Avoiding Powers | 0.00 |
| C. | Less: Estimated Chapter 7 Administrative Expenses | 47.50 |
| D. | Less: Allowed Priority Claims | 7,328.47 |
| E. | Equals Estimated Dividend for Unsecured, Nonpriority Creditors under Chapter 7 | 0.00 |
| F. | Estimated Dividend to Unsecured, Nonpriority Creditors Under Plan (from I.F. above) | $ 50.60 |

IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THIS PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL.